UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Henry Earl Miller, #10909-171, ) | C/A No. 6:09-01150-HFF-WMC |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| United States of America; Warden of FCI ) | |
| Edgefield, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

  Henry Earl Miller (Petitioner) is an inmate at the Federal Correctional Institution in Edgefield, South Carolina, which is a facility of the Federal Bureau of Prisons. Petitioner files this habeas action pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

  Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

  This Court is required to liberally construe *pro se* documents. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. at 520. A federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, this petition is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**Background**

Petitioner was sentenced in this Court to 300 months imprisonment and 5 years supervised release on his plea of guilty to the following: (1) 18 U.S.C. §§ 2113(a), (d) and 2 - armed robbery and aiding and abetting - two counts; (2) 18 U.S.C. §§ 924(c)(1)(A) and 2 - use of and carrying firearms during and in relation to, and in furtherance of a crime of violence and aiding and abetting - two counts. On February 23, 2006, Petitioner filed a three page handwritten letter that was recharacterized as a § 2255 motion, and this Court denied the relief requested. *See Miller v. U.S.*, No. 6:06-00548-HFF (D.S.C. Sept. 7, 2007). Petitioner appealed, and the Court of Appeals for the Fourth Circuit dismissed in part and affirmed in part. *See U.S. v. Miller*, No. 08-7072 (4th Cir. Mar. 18, 2009) (mandate stayed pending disposition of petition for panel or en banc rehearing). Since that time, Petitioner has continued to file motions pursuant to § 2255 without first receiving authorization from the Court of Appeals for the Fourth Circuit to file a successive motion.[2] *See Miller v.U.S.*, No.

---

[2] The Court may take judicial notice of proceedings had before it in a prior suit with the same parties. *Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954); *see Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records'").

2

6:08-70044-HFF (D.S.C. Apr. 9, 2009); *Miller v. U.S.*, No. 6:08-70075-HFF (D.S.C. July 16, 2008) (*appeal dismissed*, No. 08-7272, 4th Cir. Mar. 27, 2009); *Miller v. U.S.*, 6:08-70106-HFF (D.S.C. Apr. 9, 2009).

Now, Petitioner brings this § 2241 petition invoking the "savings clause" of 28 U.S.C. § 2255. Specifically, Petitioner "seeks relief from his two (2) consecutive 18 U.S.C. § 924(c) sentences based on the holdings in *United States v. Hall*, 551 F.3d 257 (4th Cir. 2009), insomuch as they specifically pertain to the Fifth Amendment's Double Jeopardy Clause and the Sixth Amendment's Speedy Trial Guarantee." (Docket Entry No.1 at 1.) Petitioner claims that he does not meet the gatekeeping provision of § 2255, but this § 2241 petition is appropriate because he does meet the "savings clause" of § 2255. This petition is a variation of the same issues concerning Petitioner's sentences and convictions that he began raising in his first § 2255 motion.

## Discussion

Through this § 2241 petition, Petitioner, again, is attacking the validity of his federal sentence. This action is subject to dismissal because a petition for habeas corpus relief under § 2241 is the "vehicle for challenging the execution, not the validity of the sentence." *Atehortua v. Kindt*, 951 F.2d 126, 130 (7th Cir. 1991). "[A] prisoner who challenges his *federal* conviction or sentence cannot use the federal habeas corpus statute . . . but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir.1994).

Despite the fact that a § 2255 motion is the proper vehicle for challenging a conviction or the imposition of a sentence, § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the § 2255 "savings clause." *See San-Miquel v. Dove,* 291 F.3d 257, 260-61 (4th Cir. 2002);

3

*Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001).  The "savings clause" provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.  The Court of Appeals for the Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy.  The Court concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

Petitioner fails to meet the requirements, as articulated in *In re Jones*, of the § 2255 "savings clause" because he cannot show that a § 2255 motion is "inadequate and ineffective to test the legality of [his] conviction." *See id.*  Petitioner alleges that this § 2241 petition is appropriate because a § 2255 motion is inadequate and ineffective under the application of *United States v. Hall*, 551 F.3d at 257.  However, Petitioner's reliance on the *Hall* case is misplaced, as it does not change substantive law that would make the conduct of which he was convicted no longer a crime.

Furthermore, it is well settled that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir.2003).  Section 2255 is not inadequate or ineffective because a petitioner is unable to obtain relief under the provision, or is procedurally barred from filing a § 2255 motion. *In re Vial,* 115 F.3d 1192, 1194 (4th Cir. 1997).  Courts have concluded that a denial of permission to file a successive § 2255 is

4

insufficient to render § 2255 relief inadequate or ineffective. *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir.2000). Petitioner indicates that he does not meet the gatekeeping provision for seeking permission from the Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion prior to filing this § 2241 petition. *See* 28 U.S.C. §§ 2244, 2255. The fact that Petitioner lacks authority to file a second or successive § 2255 motion does not render relief under that section inadequate or ineffective.

This petition for writ of habeas corpus under § 2241 should be dismissed because the Petitioner's claims regarding his federal sentence are cognizable under § 2255, not § 2241, and Petitioner lacks permission from the Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion.

### Recommendation

Accordingly, it is recommended that the § 2241 petition for a writ of habeas corpus in this case be dismissed *without prejudice* and without service upon the Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). *Cf*. the Anti-Terrorism and Effective Death Penalty Act of 1996.

May 29, 2009                                           s/William M. Catoe
Greenville, South Carolina                             United States Magistrate Judge

**Petitioner's attention is directed to the important notice on the next page.**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).